UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEJANDRO CAMPOS LEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-01774-SEB-MJD |
| | ) |
| KERRY FORESTAL, MARION COUNTY SHERIFF, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Alejandro Campos Leon entered the United States from Mexico in 2006 without seeking admission at a port of entry. The government has initiated the legal process for removing Mr. Campos Leon from the United States. As part of that process, an immigration judge, acting on behalf of the Department of Justice, ordered that Mr. Campos Leon be released from detention on a $7,500 bond. However, he remains in custody.

The Department of Homeland Security appealed the bond determination to the Board of Immigration Appeals, another DOJ apparatus. Simultaneously, DHS invoked its authority under the Code of Federal Regulations to "stay" Mr. Campos Leon's release pending resolution of the appeal. Mr. Campos Leon has filed a petition for a writ of habeas corpus, arguing that the respondents' refusal to honor the bond order is unlawful. For the following reasons, the petition is granted.

## I. Background

The parties do not dispute the pertinent facts. Mr. Leon "entered the United States without inspection or admission at an unknown place" in approximately 2006. Dkt. 1-2 at 2. The respondents began removal proceedings in 2012 but never completed them. Dkt. 1 ¶ 15.

In 2025, Mr. Campos Leon was arrested and charged with drunken driving. Thereafter, U.S. Immigration and Customs Enforcement officials arrested him pursuant to an ICE warrant and initiated removal proceedings. Dkt. 1-2 at 2.

On August 22, 2025, Immigration Judge Lucy Billings found that Mr. Campos Leon's detention was governed by 8 U.S.C. § 1226(a) and ordered that he be released on a $7,500 bond. Dkt. 1-2. DHS immediately appealed that decision to the BIA and notified Mr. Campos Leon that it was invoking its own regulatory authority, 8 C.F.R. § 1003.19(i)(2), to stay his release on bond pending appeal. Dkts. 10-1, 10-2.

Both Judge Billings' immigration court and the BIA are instruments of DOJ's Executive Office of Immigration Review. *See generally* 8 C.F.R. § 1003.0; 28 C.F.R. § 0.115 *et seq.*

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Campos Leon argues that his continued detention despite Judge Billings' bond order violates the Constitution and laws of the United States because DHS's application of the automatic stay conflicts with the governing statute. The respondents argue in response that this Court lacks subject matter jurisdiction over this challenge to Mr. Campos Leon's detention; that his detention is mandated by statute notwithstanding the automatic stay; and, in any event, application of the automatic stay is legal.

### A. Subject Matter Jurisdiction

The respondents assert that a series of statutory provisions deprives this Court of jurisdiction to adjudicate a habeas corpus petition challenging DHS's refusal to honor a bond determination. Each of these arguments fails.

The respondents first contend that "8 U.S.C. § 1252(g) strips all federal courts of jurisdiction over challenges to executive branch decisions to execute removal orders." Dkt. 10 at 3. But Mr. Campos Leon does not challenge a decision to execute a removal order. Rather, he challenges DHS's refusal to abide by Judge Billings' order granting him bond during the pendency of his removal proceeding. Thus, this argument has no bearing on this case.

Next, the respondents assert that "Section 1252(g) also bars district courts from hearing challenges to the method by which the Secretary of Homeland Security chooses to commence removal proceedings, including the decision to detain an alien pending removal." Dkt. 10 at 4. But the statutory text makes no mention of detention. Rather, subsection (g) directs that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Mr. Campos Leon does not challenge the Attorney General's decision to commence a removal proceeding, adjudicate a case, or execute a removal order. In fact, he challenges DHS's refusal to abide by an order issued by the attorney general's designee. This argument too misses the mark.

The respondents contend that Mr. Campos Leon's detention "arises from the decision to commence" a removal proceeding and cite a bevy of district court decisions for the proposition that his petition is therefore barred by § 1252(g). But this Court is bound by the Supreme Court's

3

clear, contrary interpretation: "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). This case challenges none of the above, so § 1252(g) is immaterial.

Alternatively, the respondents argue that, if their decision to detain Mr. Campos Leon despite the bond order is subject to judicial review, § 1252(b)(9) reserves that review for the Court of Appeals. Dkt. 10 at 5. In short, § 1252(a)(1) directs that judicial review of a final order of removal is reserved to the courts of appeals. Section 1252(b)(9) adds that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order "—that is, in the judicial review reserved by § 1252(a)(1) to the court of appeals. But this provision means only that judicial review of final orders of removal is reserved to the courts of appeals, not that every order issued in the removal proceeding is unreviewable except by the courts of appeals. *See Nasrallah v. Barr*, 590 U.S. 573, 581–83 (2020) (holding that immigration judge's Convention Against Torture determination was not a final order of removal and § 1252(b)(9) did not govern its review); *see also Riley v. Bondi*, 145 S. Ct. 2190, 2198 (2025) (discussing *Nasrallah*). Judge Billings' bond determination is not a final order of removal, and § 1252(b)(9) does not bar its review by the District Court in an appropriate action.

Finally, the government invokes § 1252(a)(5), which reserves for the courts of appeals "judicial review of an order of removal." Mr. Campos Leon does not challenge an order of removal, so the provision is inapplicable.

In short, the respondents have not demonstrated any reason why this Court lacks jurisdiction to hear Mr. Campos Leon's petition.

4

### B. Mandatory Detention

The respondents next argue that Mr. Campos Leon was never eligible for bond because he is statutorily subject to mandatory detention. Mr. Campos Leon contends that his detention is governed by a different statutory provision authorizing bond.

The respondents rely on 8 U.S.C. § 1225(b)(2), which states in relevant part: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under" U.S.C. § 1229a. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). The respondents reason that Mr. Campos Leon is present in the United States and has not been admitted, so he is an applicant for admission under § 1225(a)(1). And, because he is an applicant for admission, he is subject to mandatory detention under § 1225(b)(2).

Mr. Campos Leon counters with 8 U.S.C. § 1226(a): "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After the alien is arrested and detained, the Attorney General "may continue to detain the arrested alien," or she "may release the alien" on bond or conditional parole. *Id.*

Mr. Campos Leon's position finds greater support from the facts and the plain language of the statute. Judge Billings observed that Mr. Campos Leon was, as a matter of fact, arrested and detained pursuant to a warrant. Dkt. 1-2 at 2. The respondents do not contend otherwise. It is impossible to understand how Mr. Campos Leon is not an alien arrested and detained pursuant to a warrant and therefore subject to § 1226(a)'s bond provisions.

Meanwhile, the respondents' contention that Mr. Campos Leon's detention is mandatory under § 1225(b)(2) is, at best, incomplete. Assuming for the sake of argument that Mr. Campos Leon is an "applicant for admission," the respondents has not explained how he is "seeking admission" such that § 1225(b)(2) applies. And, assuming for the sake of argument that Mr. Campos Leon is an "applicant for admission" and is also "seeking admission," the respondents has not explained why his arrest and detention pursuant to a warrant do not invoke § 1226(a).

In fact, in arguing that Mr. Campos Leon's detention is mandatory, the respondents do not address § 1226(a) at all. Rather, the respondents argue that § 1225(b)(2) controls and leaves the Court to reconcile the two statutory provisions—a risky gambit given that Judge Billings explicitly found that Mr. Campos Leon's detention is governed by § 1226(a).

"A basic canon of construction requires us to give meaning to every word of a statute." *Senne v. Vill. of Palatine, Ill.*, 695 F.3d 597, 605 (7th Cir. 2012). It is difficult to find that § 1226(a) carries any meaning if the aliens it expressly addresses—those arrested and detained pursuant to warrants—are not actually subject to its provisions. If such an interpretation is possible, the respondents has not offered it, and "[p]erfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).

C.    **Automatic Stay**

Having dismissed the respondents' contentions that the Court lacks jurisdiction over this matter and that Mr. Campos Leon's detention is mandated by statute, the Court turns to the heart of Mr. Campos Leon's petition. He contends Congress authorized the Attorney General to grant bond to certain aliens pending removal proceedings but did not authorize DHS to unilaterally stay a grant of bond pending review by the BIA.

DHS derives its automatic stay from 8 C.F.R. § 1003.19(i)(2): "In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination." If an immigration judge exercises her statutory authority to grant bond under 8 U.S.C. § 1226(a)(2), the regulation dictates that DHS may not only appeal that determination, but automatically stay the determination pending appeal.

Problematically, though, Congress did not grant DHS authority to determine whether bond should be granted. The statute grants that authority to the attorney general, 8 U.S.C. § 1226(a)(2), who redelegated it to immigration judges like Judge Billings. DOJ also created the automatic stay regulation, 8 C.F.R. 1003.19(i)(2), and in doing so purports to redelegate some of its authority to determine whether an alien should be released on bond to DHS. *See* 71 FR 57873; 66 FR 54909.

"[W]hen a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024). Relevant to this case, the statute governing bond determinations delegates authority to make the determinations to the Justice Department. An agent of that department—Judge Billings—exercised her statutory authority to grant Mr. Campos Leon bond and authorize his release. He remains in custody not because Judge Billings or the attorney general have reconsidered that decision or even because the BIA has reconsidered it at DHS's urging. Rather, he remains in custody because another agency, DHS, refuses to honor the bond determination. And DHS's only source of authority for that refusal is a regulation promulgated by DOJ without Congress's approval. The automatic stay provision and Mr. Campos Leon's detention under that provision are lawful only if DOJ could lawfully delegate its authority over bond determinations to DHS.

7

"It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). The Court is not aware of any statutory provision authorizing the attorney general to delegate her authority over bond determinations, and the respondents do not cite any.

"The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. And, "[i]n addition to the authority to delegate conferred by other law, the head of an agency may delegate" certain authorities "to subordinate officials." 5 U.S.C. § 302(b). The Court is not aware of any comparable statute or precedent authorizing the attorney general or any other official to delegate authority conferred to it by Congress to a separate agency.

Congress set up a system for administrating the removal of certain aliens. If it wished for DHS to have unilateral authority in that process, Congress could have created that system. Instead, Congress designated DHS as the entity responsible for identifying and apprehending aliens to be removed, and it designated the attorney general and her subordinates as the parties responsible for adjudicating contested removal proceedings. More specifically, it granted the attorney general authority and discretion to determine that certain aliens may be released on bond during their proceedings. Congress did not authorize the attorney general to further delegate that authority to DHS.

In promulgating 8 C.F.R. 1003.19(i)(2), DOJ unlawfully empowered DHS to nullify decisions Congress specifically assigned to the attorney general. In availing itself of that regulation, DHS usurped authority Congress specifically assigned to a different agency. By invoking the regulation to negate Judge Billings' bond order, DHS has exceeded the parameters of

its authority, and Mr. Campos Leon's detention is therefore contrary to the Constitution and Laws of the United States.

Troublingly, the respondents do not even attempt to articulate a case for the automatic stay's legality. In its order to show cause, dkt. 5, the Court cited numerous recent district court decisions either holding that DHS cannot lawfully apply the automatic stay to detain an alien who has been granted bond or granting preliminary injunctive relief from such detention.[1] The Court explicitly directed the respondents to explain why this Court should reach a different result. The respondents make no effort to explain why those cases were resolved incorrectly or why this case is distinguishable. Rather, the respondents state that they are "aware of no binding precedent finding" the automatic stay "unlawful" and asks the Court to "rely on the clear regulatory and statutory language." Dkt. 10 at 9. But that language is clear only insofar as it illustrates that the automatic stay provision cannot be reconciled with the statute.

---

[1] This list has since expanded and now includes *Hasan v. Crawford*, No. 1:25-CV-1408 (LMB/IDD), 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Arce v. Trump*, No. 8:25CV520, 2025 WL 2675934 (D. Neb. Sept. 18, 2025); *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Palma v. Trump*, No. 4:25CV3176, 2025 WL 2624385 (D. Neb. Sept. 11, 2025); *Carlon v. Kramer*, No. 4:25CV3178, 2025 WL 2624386 (D. Neb. Sept. 11, 2025); *Perez v. Kramer*, No. 4:25CV3179, 2025 WL 2624387 (D. Neb. Sept. 11, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); *Martinez v. Secretary of Noem*, No. 5:25-CV-01007-JKP, 2025 WL 2598379 (W.D. Tex. Sept. 8, 2025); *Herrera Torralba v. Knight*, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792 (D. Nev. Sept. 5, 2025); *Carmona-Lorenzo v. Trump*, No. 4:25CV3172, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); *Fernandez v. Lyons*, No. 8:25CV506, 2025 WL 2531539 (D. Neb. Sept. 3, 2025); *Perez v. Berg*, No. 8:25CV494, 2025 WL 2531566 (D. Neb. Sept. 3, 2025); *Leal-Hernandez v. Noem*, No. 1:25-CV-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Jacinto v. Trump*, No. 4:25CV3161, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); *Garcia Jimenez v. Kramer*, No. 4:25CV3162, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Anicasio v. Kramer*, No. 4:25CV3158, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Mohammed H. v. Trump*, No. CV 25-1576 (JWB/DTS), 2025 WL 1692739, at *5–6 (D. Minn. June 17, 2025); *Günaydin v. Trump*, 784 F. Supp. 3d 1175 (D. Minn. 2025).

The Court is not aware of any decision issued by an Article III court during this period finding that application of the automatic stay is lawful, and the respondents have not offered any. The respondents cite *Hussain v. Gonzales*, 492 F. Supp. 2d 1024, 1031–32 (E.D. Wis. 2007), which opined that detention under the automatic stay provision would not violate due process. However, the court plainly acknowledged that the issue was moot because the petitioner was no longer detained pursuant to the automatic stay,

The respondents discuss a recent BIA decision holding that aliens present in the United States who have not been admitted are "applicants for admission" subject to mandatory detention under § 1225(b)(2). Dkt. 10 at 10. This is an argument why Mr. Campos Leon is not eligible for bond—not an argument why the automatic stay of his bond determination is lawful.[2] The respondents argues that this BIA decision will inevitably result in Mr. Campos Leon's bond being vacated when the BIA rules on this case. Perhaps. But Congress delegated that decision to the attorney general and not to DHS. The attorney general's delegee determined that Mr. Campos Leon should be released on bond according to § 1236(a)(2). Another of the attorney general's delegees—the BIA—has authority to reconsider that decision. DHS does not have authority to determine unilaterally in the interim that the BIA will reverse Judge Billings' decision.

### III. Conclusion

Mr. Campos Leon's petition for a writ of habeas corpus is **granted** insofar as the respondents will have **48 hours** to notify the Court that he has been released from detention consistent with Judge Billings' bond order. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 9/22/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Karen Weinstock
Weinstock Immigration Lawyers
kweinstock@visa-pros.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

---

[2] It is not clear why the respondents do not cite the BIA decision as authority supporting their position that Mr. Campos Leon's detention is mandated by statute.