UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALEJANDRO CAMPOS LEON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01774-SEB-MJD |
| | ) | |
| KERRY FORESTAL, MARION COUNTY | ) | |
| SHERIFF, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING IN PART PETITIONER'S MOTION FOR ATTORNEYS' FEES**

The Court granted Alejandro Campos Leon's petition for a writ of habeas corpus on September 22, 2025. Dkt. 14. His attorneys now seek $27,520 in attorneys' fees under the Equal Access to Justice Act (EAJA). For the following reasons, Mr. Campos Leon's motion for fees, dkt. [29], is **granted in part**.

**I. Legal Standard**

Under the EAJA, a party prevailing against the United States in a civil action is entitled to an award of fees and other costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Accordingly, district courts will award attorneys' fees where (1) the claimant is a "prevailing party;" (2) the United States's position was not substantially justified; (3) no "special circumstances make an award unjust;" and (4) the fee application is timely submitted within thirty days of final judgment and is supported by an itemized statement. *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004). The prevailing party also bears the burden of proving that the hours requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## II. Facts

Mr. Campos Leon filed his habeas petition in this Court on September 5, 2025. Dkt. 1. In its decision granting the petition, the Court provided the following summary of the facts:

> Mr. Leon "entered the United States without inspection or admission at an unknown place" in approximately 2006. Dkt. 1-2 at 2. The respondents began removal proceedings in 2012 but never completed them. Dkt. 1 ¶ 15.
>
> In 2025, Mr. Campos Leon was arrested and charged with drunken driving. Thereafter, U.S. Immigration and Customs Enforcement officials arrested him pursuant to an ICE warrant and initiated removal proceedings. Dkt. 1-2 at 2.
>
> On August 22, 2025, Immigration Judge Lucy Billings found that Mr. Campos Leon's detention was governed by 8 U.S.C. § 1226(a) and ordered that he be released on a $7,500 bond. Dkt. 1-2. DHS immediately appealed that decision to the BIA and notified Mr. Campos Leon that it was invoking its own regulatory authority, 8 C.F.R. § 1003.19(i)(2), to stay his release on bond pending appeal. Dkts. 10-1, 10-2.
>
> Both Judge Billings' immigration court and the BIA are instruments of DOJ's Executive Office of Immigration Review. *See generally* 8 C.F.R. § 1003.0; 28 C.F.R. § 0.115 *et seq.*

Dkt. 14 at 2. Mr. Campos Leon argued principally that the regulation through which DHS invoked its automatic stay of Judge Billings' bond determination was unlawful. Dkt. 1 ¶¶ 39–46. Specifically, in § 1226(a), Congress granted the Attorney General authority to detain or release certain noncitizens, but the regulation permits DHS to override the Attorney General's decision. *Id.* ¶ 46.

The federal respondents opposed the petition primarily on grounds that Mr. Campos Leon's detention fell beyond this Court's subject matter jurisdiction and that, in any event, his detention was mandated by 8 U.S.C. § 1225(b)(2). Dkt. 10 at 3–8. In response to Mr. Campos Leon's principal argument, the respondents argued that the automatic stay regulation was lawful, but they cited no precedent reaching the same conclusion. *Id.* at 8–11.

2

The Court granted Mr. Campos Leon's petition on September 22. Dkt. 14. The Court rejected the respondents' jurisdictional and statutory arguments. *Id.* at 4–6. The Court also found the automatic stay unlawful. *Id.* at 6–10. The Court cited more than a dozen cases in support of that ruling and observed that it was "not aware of any decision issued by an Article III court during this period finding that the application of the automatic stay is lawful, and the respondents have not offered any." *Id.* at 9–10, n.1.

Mr. Campos Leon's attorney, Karen Weinstock, seeks $27,520 in fees, representing 22.1 hours of her own work and 6.2 hours of work by an associate. Dkt. 29-5; dkt. 32 at 14–15.

### III. Analysis

The respondents concede that Mr. Campos Leon is a prevailing party. They oppose his fee motion on three grounds: that their litigation position was substantially justified, that Ms. Weinstock seeks fees for tasks for which fees are not available, and that the hourly rate she claims is too high.

### A.    Substantially Justified

"To be substantially justified, the Government's position must be 'justified in substance or in the main' or 'justified to a degree that could satisfy a reasonable person.'" *Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The Government meets this burden if: '(1) it had a reasonable basis in truth for the facts alleged, (2) it had a reasonable basis in law for the theory propounded, and (3) there was a reasonable connection between the facts alleged and the theory propounded.'" *Id.* (quoting *Kholyavskiy v. Holder*, 561 F.3d 689, 691 (7th Cir. 2009)). "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990).

The respondents argue that their litigation position was substantially justified for two main reasons. First, they argue that the federal appellate and district courts are divided on their argument that Mr. Campos Leon was subject to mandatory detention under § 1225(b). Given that there is no controlling precedent in this circuit, and given the considerable number of cases decided in the government's favor, the respondents argue that there was a reasonable legal basis for the argument. Second, and similarly, the respondents argue that the legality of the automatic stay regulation has not been decided by an appellate court, so there was a reasonable legal basis to defend its legality.

This Court finds that the government's legal position in opposition to Mr. Campos Leon's petition was not substantially justified.

Beginning with the second issue, the respondents are correct that no appellate court had, at the time of the order, ruled on the legality of the automatic stay regulation. But the legal principles underlying the Court's ruling were well-settled:

> "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). The Court is not aware of any statutory provision authorizing the attorney general to delegate her authority over bond determinations, and the respondents do not cite any.

> "The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. And, "[i]n addition to the authority to delegate conferred by other law, the head of an agency may delegate" certain authorities "to subordinate officials." 5 U.S.C. § 302(b). The Court is not aware of any comparable statute or precedent authorizing the attorney general or any other official to delegate authority conferred to it by Congress to a separate agency.

> [. . .]

> In promulgating 8 C.F.R. 1003.19(i)(2), DOJ unlawfully empowered DHS to nullify decisions Congress specifically assigned to the attorney general.

Dkt. 14 at 8.

4

The respondents did not confront those fundamental issues. Instead, they argued that there was "no binding precedent finding" the regulation "unlawful" and asked the Court to "rely on the clear regulatory and statutory language." Dkt. 10 at 9. But the regulatory and statutory language *were the problem*. The regulation purported to delegate to DHS authority Congress delegated to the Attorney General.

It is true that no appellate court had found the automatic stay regulation unlawful. It is also true—as the Court made clear in its order directing a response to the petition and in its order granting the petition—that the district courts to address the issue had unanimously resolved it in Mr. Campos Leon's favor. Dkt. 14 at 9–10, n.1. The respondents do not argue otherwise in response to the fee motion. In short, there is no legal authority—save for the existence of the regulation itself—to support the government's position that the regulation was lawful.

The proliferation of habeas petitions litigating the § 1225 versus § 1226 question supports the government's stance that it was substantially justified in arguing that § 1225(b) required Mr. Campos Leon's detention. However, that position was not substantially justified in the factual context of Mr. Campos Leon's detention. Mr. Campos Leon did not ask this Court to find that he was detained under § 1226(a) and therefore entitled to a bond hearing. Indeed, an immigration judge had *already found* that Mr. Campos Leon was entitled both to a hearing *and* to release on bond. The question before the Court was whether DHS could unilaterally set aside that decision, and this Court remains unaware of any authority holding that it could.

**B.    Hourly Rate**

Mr. Campos Leon seeks fees at hourly rates of $1,000 for Ms. Weinstock and $800 for her associate. The EAJA allows a prevailing party to recover "reasonable attorney fees . . . based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C.

§ 2412(d)(2)(A). Even so, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* Scarcity of qualified attorneys alone does not justify a fee award above the statutory rate. *Pierce*, 487 U.S. at 571–72. Rather, the "special factor" exception to the statutory cap applies to "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." *Id.* at 572.

Where special factors apply, they justify exceeding the statutory cap. The dispositive factor in determining the compensable rate remains the market. *Id.* at 573 ("The 'novelty and difficulty of issues,' 'the undesirability of the case,' the 'work and ability of counsel,' and 'the results obtained,' . . . are factors applicable to a broad spectrum of litigation; they are little more than routine reasons why market rates are what they are."); *see also Sprinkle v. Colvin*, 777 F.3d 421, 427 ("The EAJA, like other federal fee-shifting statutes, contemplates that fee awards 'shall be based upon prevailing market rates' paid by clients.").

The parties agree that Mr. Campos Leon is entitled to fees above the statutory rate to account for inflation. Mr. Campos Leon argues that the inflation-adjusted hourly rate is $282.79, *see* dkt. 29-6 at 20;[1] whereas the respondents state that they "would not typically object" to an hourly rate of $260.76, dkt. 31 at 11.[2] Recent decisions from within the Seventh Circuit have

---

[1] Ms. Weinstock filed a 24-page motion for fees, dkt. 29, *and* a 21-page memorandum of law, dkt. 29-6. This practice violates the Local Rules and should not be repeated. Counsel may file *one* brief in support of a motion, and it may not exceed 30 pages. S.D. Ind. L.R. 7-1(e)(1).

The Court further notes that the Ms. Weinstock bases her calculations on inflation data for January and March 2026, but this action was litigated in September 2025, and she filed her fee motion in April 2026.

[2] The respondents do not explain how they reached this figure. Dkt. 31 at 11.

awarded fees at inflation adjusted rates between $230 and $260. *See, e.g.*, *Blanca L. v. Bisignano*, No. 4:24-CV-04228-SLD-RLH, 2026 WL 1470906, at *3 (C.D. Ill. May 26, 2026) ($256.25 and $258.75); *Roell v. Bisignano*, No. 24-CV-446-JDP, 2026 WL 1295674, at *3 (W.D. Wis. May 12, 2026) ($241.06); *Bitzegaio v. Dudek*, No. 2:23-CV-00561-JPH-MJD, 2026 WL 1018429, at *4, *6 (S.D. Ind. Apr. 15, 2026) ($239.26) *Zachary A. B. v. Bisignano*, No. 4:24-CV-04100-SLD-RLH, 2026 WL 312108, at *2 (C.D. Ill. Feb. 5, 2026) ($233.75).

Mr. Campos Leon argues, over the respondents' objection, that he is entitled to fees above the inflation-adjusted rate based on special factors. He seeks fees at rates of $1,000 and $800 per hour for three reasons. First, Ms. Weinstock and her associate have decades of experience as specialized immigration attorneys. Second, when this Court and others experienced a flood of immigration habeas petitions in 2025 due to intensified enforcement efforts and the government's new interpretation of the law governing immigration detention, experienced attorneys like Ms. Weinstock and her associate were scarce and in high demand. Third, habeas actions like this one involve a demanding combination of niche legal issues and short timelines.

The $1,000 and $800 hourly rates Mr. Campos Leon seeks are not justifiable under the EAJA. Instead, the Court finds that special factors justify a rate of $300 per hour for both attorneys.

Although Mr. Campos Leon presents evidence regarding his attorneys' qualifications and the demand for their services, he presents no evidence that there is a market for those services at a rate between $800 and $1,000 per hour. He supports his motion with affidavits from other practitioners attesting that they have sought EAJA fees at similar rates and that Ms. Weinstock's services justify a similar rate. Dkts. 29-2, 29-3, 29-4 But neither Ms. Weinstock nor any other affiant states what rate she or any other attorney has actually billed clients for immigration habeas cases.

Similarly, Mr. Campos Leon offers no precedent for a $1,000 per hour EAJA fee award. He cites two decisions from this District awarding EAJA fees at rates between $240 and $250 per hour. Dkt. 29 at 18. He cites as a "benchmark" a 2025 decision of the Northern District of Indiana approving a $795 hourly rate. *Id.* at 18–19 (citing *Lea-Max Corp. v. Gould Elecs.*, No. 1:23-cv-000164-GSL-SLC, 2025 WL 1813192 (N.D. Ind. July 1, 2025)); dkt. 32 at 11–12. But *Lea-Max* is not an EAJA case. Two corporate entities litigated a discovery dispute under Rule 37, and the court's inquiry was based on counsel's "actual billing rates for comparable work." *Lea-Max*, 2025 WL 11813192, at *3. This Court is faced with a different legal question, and, even if it applied the *Lea-Max* methodology, it still could not award fees at $1,000 per hour because Mr. Campos Leon's attorneys have not presented evidence that they charge habeas clients that much.

It is true that Ms. Weinstock appeared repeatedly in immigration habeas cases in 2025, as such cases became a regular part of this Court's docket. Her experience and expertise were particularly scarce at that time, when immigration habeas cases were new to this District. She correctly argues that such cases demand specialized knowledge and operate on tight schedules. These special factors justify exceeding the statutory rate. They do not justify multiplying the statutory rate by six or eight times.

An hourly rate of $300 exceeds the $240–$250 range Ms. Weinstock identified among cases from this District and the rate the respondents cite as agreeable. It recognizes the complexity and difficulty of this case and the scarcity of attorneys available to litigate it competently at the time it was filed. At the same time, it is not a dramatic departure from other relevant fee awards. *See Sisiliano-Lopez v. Lowe*, 448 F. Supp. 3d 419, 427 (M.D. Pa. 2020) ("[T]he Court reaffirms its conclusion . . . that Petitioners' counsel's specialized knowledge of immigration law, and the limited availability of attorneys who would have taken this case at the statutory rate, are special

factors which justify a reasonable increase in the rate of pay to $250 per hour.") (internal quotations omitted). Lacking any evidence that the market supports a higher rate, the Court finds that special factors support an hourly rate of $300.

**C.      Hours Claimed**

Finally, the respondents ask the Court to reduce any fee award by two hours, which Mr. Campos Leon's attorneys claim for tasks like calling their client's brother and preparing exhibits for filing. Dkt. 31 at 13. The respondents argue that these tasks do not "require[e] legal knowledge or expertise" or "relate[] to working on the habeas petition." *Id.* But neither point is clear from the respondents' limited argument. Communicating with the petitioner's family and preparing exhibits certainly could be critical to developing and supporting the factual basis for the petition, and the respondents have not explained with any specificity why those tasks were not properly completed by an attorney in this case.

### IV. Conclusion

The respondents' unopposed motion for extension of time to respond, dkt. [30], is **granted**. The Court has accepted and considered the respondents' response.

Mr. Campos Leon's motion for attorney fees, dkt. [29], is **granted** insofar as he is awarded $8,490[3] in full satisfaction of any and all claims for attorneys' fees, expenses, and costs that may be payable in this matter under the EAJA.

**IT IS SO ORDERED.**

Date:   6/24/2026                           _Sarah Evans Barker_

                                            SARAH EVANS BARKER, JUDGE
                                            United States District Court
                                            Southern District of Indiana

---

[3] 24.8 hours x $300 (*see* dkt. 29-5) + 3.5 hours x $300 (*see* dkt. 32-3 ¶ 3).

Distribution:

Walter Manning Evans
DOJ-Civ
manning.evans@usdoj.gov

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtgibbons.com

Karen Weinstock
Weinstock Immigration Lawyers
kweinstock@visa-pros.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov